H. L. DODD, *Appellant*, v. E. A. McCOLSKEY, *Appellee*.

En Banc.

Opinion filed February 13, 1929.

*Guy Gillen* and *J. E. Gillen,* for Appellant;

*Cone & Chapman,* for Appellee.

PER CURIAM.—In this case a petition was filed by McColskey praying the chancellor to fix the amount of costs to be paid as compensation to Dodd for legal notices published in connection with a chancery suit to which McColskey was a party, it being represented to the Court that the fees

demanded by Dodd for such publication were excessive. An answer was filed to the petition by Dodd. . The matter came on for hearing and after the consideration of the testimony and argument of counsel, the chancellor made the following order:

This cause coming on to be heard upon motion of the complainant that the court tax the cost of the publisher in this cause which said motion alleges that the charges made by the publisher were improper and in an amount greater than was proper under the law, in this, the he alleges that the publications were not in nonpareil type, that they were not set up in compact form, and were not in single column. The publisher, H. L. Dodd, upon his part alleging that the type used in setting up the advertisements was nonpareil, and was set up in single column and in such compact form as was customary and usual in such cases, issue being thus joined, the parties answering ready and being present, the Court heard all the evidence offered by the parties, and having heard the argument of counsel, and being advised in the premises:

The Court is of the opinion (which is stated for consideration of the Supreme Court and that it may be of service) :

1. That a column in a newspaper at the time of the adoption of the Revised General Statutes of the State of Florida is thirteen (13) ems wide, which means 2 1/6 inches.

2. That the column used by the publisher in the instant cases was only two inches wide which is less than a column by one-thirteenth (1/13) of the space contemplated by law and which would result in a gain to the publisher of one column to the page of an ordinary newspaper by the use of a narrower margin.

3. That ordinarily eight words would make a line of 2 1/6 inches when set up in nonpareil or six point type.

4. That the type used in publishing the legal notices about which complaint was made was nonpareil or six point type.

5. That the type used was a fat type of dimensions given and that twelve lines of such type can, will and should be set to the inch.

6. That compound words should be counted as two words: e. g. South-east in cases of this kind.

7. That the notices about which complaint is made is not set in compact form as required by law, and that the notices exhibited to the court and the ones about which the complaint was made was set up so as to have too much white space in them and had too few words to the line and to the inch and space.

8. That of necessity and as a matter of law a publisher has a reasonable discretion as to the form in which a legal notice shall appear when published, but this discretion shall be so reasonably used as not to unnecessarily affect the rights of the parties or unreasonably the cost bill.

9. That the use of leads in setting up legal notices should be so sparingly used as not to amount to an abuse of a reasonable discretion given by law to an artist.

10. The form of a legal advertisement may be suggested to the publisher or printer by counsel, and when it is, it becomes a matter between the parties, and not for the court to tax the cost in accordance with such private direction.

11. That the use of capitals in the publication of a

legal notice, such as the venue, style of the case, may be resorted to without violating the rule of compactness, and when it is resorted to, the actual space occupied may be charged for.

12. The copy furnished the printer may be followed as to form, paragraphs, beginnings and conclusion, but this does not permit it to be followed to the unreasonable expense of the party paying the bill.

Therefore, upon consideration, it is ordered and decreed by the court, that the publisher's cost of H. J. Dodd in the case at bar be and it is here and now, and hereby taxed by the court for publishing the notice for the time stated as follows, to-wit:

1. The court order dated February 20th, 1926, purporting to be signed by Hal W. Adams, Judge, is and should be the sum of $22.50, which said sum is hereby taxed as the cost of the publication of said notice in this case for five weeks.

2. The notice dated March 2, 1926, purporting to be signed J. L. Markham, Clerk of Circuit Court, by Mary Roberts, D. C., and published for a period of nine weeks is hereby taxed as the cost of publication of said notice in this cause in the sum of $121.50.

3. The notice dated February 18th, 1926, purporting to be signed J. L. Markham, Clerk of Circuit Court, and published for a period of five weeks is hereby taxed as the cost of publication of said notice in this cause in the sum of $75.00.

4. It is further ordered by the court that the cost of this entire proceeding inclusive of all stenographic fees taxed by the clerk at the sum of $31.58, shall be paid by H. L. Dodd and the complainant, as follows: One-third by the complainant and two-thirds by the respondent, H. L. Dodd.

The findings of the chancellor are sustained by the record and we find no error in the decree complained of. It should, therefore, be affirmed and it is so ordered.

Affirmed.

TERRELL, C. J., AND WHITFIELD, ELLIS, BROWN AND BUFORD, J. J., concur.